UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA SULLIVAN,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>DEUTSCHE BANK AMERICAS HOLDING CORPORATION; DEUTSCHE BANK DISABILITY PLAN; FIRST UNUM LIFE INSURANCE COMPANY,<br><br>　　　　　　　　　Defendants. | Civil No.   08cv2370-L (POR)<br><br>**ORDER GRANTING JOINT DISCOVERY MOTION**<br><br>**[Doc. 21]** |

## I. INTRODUCTION

This case arises from Plaintiff Cynthia Sullivan's ("Plaintiff's") claim for further long-term disability ("LTD") benefits under the Deutsche Bank Disability Plan, administered by Defendant First Unum Life Insurance Company ("Unum"). The lawsuit is governed by the Employee Retirement Income Security Act of 1974 ("ERISA").

On January 19, 2010, the parties filed a Joint Discovery Motion ("JDM"). [Doc. 21.] Specifically, Plaintiff moves this Court to compel Unum to produce the "performance evaluations or performance reviews for each of [Unum's] employees [who were involved in the evaluation of Plaintiff's claim] . . . for the years 2005, 2006, and 2007." (JDM at 2)(quoting Plaintiff's Request for Production No. 4). Both parties filed separate memoranda of points and authorities, and the motion is ripe for adjudication.

//

**II.   PARTIES' ARGUMENTS**

Plaintiff argues that discovery of the performance evaluations is necessary to determine the credibility of the evaluators involved in denying Plaintiff's claim. According to Plaintiff, for example, if Unum awarded superior evaluations for higher rates of denying benefits, this would constitute evidence of a conflict of interest in the administration of claims. Furthermore, Plaintiff asserts that the scope of this discovery is reasonably limited: "Plaintiff is *not seeking defendant's employees personnel files*, but merely the performance evaluations over a three year period during which plaintiff's claim was handled." (Pl.'s Br. at 4)(emphasis added).

Defendant argues that the document request is "outside the scope of discovery allowed in an ERISA action." (Def.'s Br. at 4.) Moreover, Defendant objects on the grounds that the request: (1) is "overly broad in time and scope;" (2) seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and (3) "seeks personal/private information that is contained within the employees' personal files." (JDM at 3.)

**III.   DISCUSSION**

In Metropolitan Life Insurance Co. v. Glenn, the U.S. Supreme Court held that "a plan administrator [that] both evaluates claims for benefits and pays benefits claims"–such as Unum, in this case–has a conflict of interest within the framework of ERISA. 128 S.Ct. 2343, 2348 (2008). The Court stated "conflicts are but one factor among many that a reviewing judge must take into account," but "[t]he conflict of interest at issue here . . . should prove more important (perhaps of great importance) where circumstances suggest a higher likelihood that it affected the benefits decision." Furthermore, in the Ninth Circuit, "when a court must decide how much weight to give a conflict of interest under the abuse of discretion standard, . . . the court may consider evidence outside the [administrative] record." Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 970 (9th Cir. 2006). Based on Glenn and Abatie, therefore, it is within the discretion of the district court to permit limited discovery in an ERISA case. Any discovery, however, "must be narrowly tailored and cannot be a fishing expedition." Groom v. Standard Ins. Co, 492 F. Supp. 2d 1202, 1205 (C.D. Cal. 2007).

In determining whether limited discovery should include the production of an evaluator's

performance evaluation, district courts have reached different conclusions.  At the far end of the spectrum, the Eastern District of Kentucky summarily denied production of "performance reviews and personnel files" because "those requests are unduly burdensome and their intrusiveness outweighs any likely benefit."  Pemberton v. Reliance Std. Life Ins. Co., 2009 WL 89696 at *3 (E.D. Ky. Jan. 13, 2009).  Other courts have taken a more moderate stance, holding that access to the personnel files is unwarranted, but at the same time ordering production of "documents about employee compensation criteria or standards . . . for employees involved in that claim."  Hughes v. CUNA Mut. Grp., 257 F.R.D. 176, 180-81 (S.D. Ind. 2009); see also, e.g., Santos v. Quebecor World Long Term Disability Plan, 254 F.R.D. 643, 650 (E.D. Cal. 2009); Myers v. Prudential Ins. Co. of Am., 581 F. Supp. 2d 904, 914 (E.D. Tenn. 2008).

   Plaintiff does not request a blanket production of personnel files, however.  Instead, Plaintiff seeks the performance evaluations of 11 individuals–each involved in the evaluation of Plaintiff's claim for LTD benefits–for a period of three years.  Addressing a similar issue, the Northern District of California ordered production of the evaluations, noting:

> This discovery request asks for performance evaluations for the medical consultants or companies. This information is *closely related to the issue of conflict of interest*. For instance, if the medical consultants or companies were rewarded by Defendants for providing opinions adverse to a claimant, that *would significantly affect the credibility of their evaluations*.

Knopp v. Life Ins. Co. of N. Am., 2009 WL 5215395 at *4 (N.D. Cal.  Dec. 28, 2009)(emphasis added).  Whereas the standard of review in Knopp was *de novo*, the Court in the present case reviews UNUM's denial of Plaintiff's LTD benefits for an abuse of discretion.  (JDM at 2.)  Thus, limited discovery is even more appropriate.  Under the abuse of discretion standard, the potential bias of an evaluator–and in turn the potential conflict of interest inherent in the administration of the benefits claim–is a necessary factor in the Court's analysis.  Glenn, 128 S.Ct. at 2350 (holding, in an ERISA case, "that a conflict [of interest] should be weighed as a factor in determining whether there is an abuse of discretion")(internal quotations omitted).

   In sum, the evaluators' performance evaluations are closely related to the issue of conflict of interest.  Accordingly, Plaintiff's request for the performance evaluations is reasonably calculated to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26(b)(1).  Furthermore, Plaintiff's

1 | request for production is narrowly tailored to the time and scope of Plaintiff's particular claim for
2 | benefits. Based thereon, the Court GRANTS Plaintiff's motion to compel production of the
3 | performance evaluations [Doc. 21], as identified by Plaintiff's Request for Production No. 4.
4 | Defendant shall produce the performance evaluations on or before **February 22, 2010**.

  IT IS SO ORDERED.

DATED: February 2, 2010

            _____
            LOUISA S PORTER
            United States Magistrate Judge

cc:  The Honorable M. James Lorenz
    All parties