1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT
9                            SOUTHERN DISTRICT OF CALIFORNIA
10
11   CYNTHIA SULLIVAN,                      )    Civil No. 08cv2370 L(POR)
                                            )
12                  Plaintiff,              )    **ORDER GRANTING *EX PARTE***
                                            )    **MOTION TO FILE DOCUMENTS**
13   v.                                     )    **UNDER SEAL** [doc. #43]
                                            )
14   DEUTSCHE BANK AMERICAS                 )
     HOLDING CORPORATION, *et al.*,         )
15                                          )
                    Defendants.             )
16   _____    )

17        Plaintiff moves *ex parte* to file under seal certain documents that defendants had

18   designated as confidential under a March 5, 2010 protective order.  The Court ordered

19   defendants to show cause why the 16 pages of documents plaintiff intends to introduce in her

20   motion for judgment under Rule 52 motion should be filed under seal.   Having reviewed the

21   documents sought to be sealed and defendants' statement of cause, the Court will grant

22   plaintiff's *ex parte* motion for the reasons set forth below.

23        Historically courts have recognized a "general right to inspect and copy public records

24   and documents, including judicial records and documents."  *Nixon v. Warner Commc'ns, Inc.*,

25   435 U.S. 589, 597 & n. 7 (1978).  Three different standards govern motions to seal documents in

26   judicial proceedings.  First, "the narrow range of documents such as grand jury transcripts and

27   certain warrant materials . . . traditionally have been kept secret for important policy reasons."

28   *Pintos v. Pac. Creditors Ass'n*, 504 F.3d 792, 801 n.7 (9th Cir. 2007) (internal quotation marks,

brackets, and citation omitted); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  Second, sealing a judicial record requires the requesting party to show compelling reasons which outweigh the general history of access and the public policies favoring disclosure.  *Pintos*, 503 F.3d at 801; *Kamakana*, 447 F.3d at 1178.  Last, to shield "private materials unearthed during discovery" from public view, the requesting party must meet the good cause standard of Federal Rule of Civil Procedure 26(c).  *Pintos*, 503 F.3d at 801; *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003); *Phillips v. General Motors Corp.*, 307 F.3d 1206 (9th Cir. 2002).

To seal documents appended to a dispositive motion such as a motion for summary judgment or a motion for judgment, the requesting party must meet the compelling reasons standard.  *Pintos*, 503 F.3d at 802; *Kamakana*, 447 F.3d at 1179 ("the strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments).  The compelling reasons standard "derives from the common law right to inspect and copy public records and documents, including judicial records and documents."  *Pintos*, 503 F.3d at 801; *Kamakana*, 447 F.3d at 1178.  The "good cause" standard "presents and lowers the burden [because] [t]he 'compelling reasons' standard does not exist for documents produced between private litigants."  *Pintos*, 503 F.3d at 801.

To meet the compelling reasons standard, the moving party "must overcome a strong presumption of access by showing that compelling reasons supported by specific factual findings outweigh the general history of access and the public policies favoring disclosure."  *Pintos*, 504 F.3d at 802 (internal quotation marks, ellipsis, and citation omitted); *Kamakana*, 447 F.3d at 1179-80.  "Under the 'compelling reasons' standard, a district court must weigh relevant factors, base its decision on a compelling reason, and articulate a factual basis for its ruling without relying on hypothesis or conjecture."  *Pintos*, 504 F.3d at 802 (internal quotation marks, ellipsis, footnote, and citation omitted).  "Relevant factors include the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets."  *Id*. at 802 n.9 (internal quotation marks and citation omitted).

In their response to the order to show cause, defendants seek to have the 16 pages of documents plaintiff intends to introduce in her motion sealed, thereby preserving the confidential nature of the documents.  The documents at issue concern Unum's unique compensation and incentive programs which defendants contend could be used improperly by their competitors. The documents are proprietary and not otherwise available to either the public or their competitors. Further, defendants contend that the information is sensitive and has significant economic value to Unum.  *See e.g., Valley Broadcasting Co. v. U.S. District Court*, 789 F.2d 1289 (9th Cir. 1996) (recognizing "strong presumption in support of the common law right to inspect and copy judicial records"; noting considerations "[c]ounseling against such access would be the likelihood of an improper use, including . . . trade secret materials; infringement of fair trial rights of the defendants or third persons; and residual privacy rights") (internal quotation and citation omitted); *See Nixon v. Warner Communications* 435 U.S. 589, 598 (1978) (the court may insure its records are not used "as sources of business information that might harm a litigant's competitive standing").

Based on the likelihood of an improper use by competitors and the proprietary nature of the confidential information, the Court finds a compelling reason to file the 16 pages of confidential documents under seal.  Accordingly, plaintiff's *ex parte* motion to file documents under seal is **GRANTED**.

**IT IS SO ORDERED.**

DATED:  August 31, 2010

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. LOUISA S. PORTER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

08cv2370

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

08cv2370