UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA SULLIVAN,<br><br>   Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK AMERICAS HOLDING CORPORATION, *et al.*,<br><br>   Defendants. | Civil No. 08cv2370 L(POR)<br><br>**ORDER GRANTING *EX PARTE* MOTION TO FILE ADMINISTRATIVE RECORD UNDER SEAL** [doc. #53] |

  Defendants move *ex parte* to file under seal the administrative record in this action. Having reviewed the documents sought to be sealed and defendants' statement of cause, the Court will grant plaintiff's *ex parte* motion for the reasons set forth below.

  To seal documents appended to a dispositive motion such as a motion for summary judgment or a motion for judgment, the requesting party must meet the compelling reasons standard. *Pintos*, 503 F.3d at 802; *Kamakana*, 447 F.3d at 1179 ("the strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments). To meet the compelling reasons standard, the moving party "must overcome a strong presumption of access by showing that compelling reasons supported by specific factual findings outweigh the general history of access and the public policies favoring disclosure." *Pintos*, 504 F.3d at 802 (internal quotation marks, ellipsis, and citation omitted); *Kamakana*, 447 F.3d at 1179-80. "Under the 'compelling reasons' standard, a district

court must weigh relevant factors, base its decision on a compelling reason, and articulate a factual basis for its ruling without relying on hypothesis or conjecture." *Pintos*, 504 F.3d at 802 (internal quotation marks, ellipsis, footnote, and citation omitted).  "Relevant factors include the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Id*. at 802 n.9 (internal quotation marks and citation omitted).

The administrative record in this case involves the plaintiff's medical conditions and the propriety of Unum's decision concerning plaintiff's claim for further disability benefits. Plaintiff's medical records are entitled to remain private and not subject to public access. *United States v. Comprehensive Drug Testing, Inc.*, 513 F.3d 1085, 1137 (9th Cir. 2008); *see also Ferguson v. City of Charleston,* 532 U.S. 67, 78 (2001)(individuals enjoy a reasonable expectation of privacy in medical test results and that "the results of those tests will not be shared with nonmedical personnel without [the patient's] consent.")

Good cause appearing, defendants' *ex parte* motion to file administrative record under seal is **GRANTED**.

**IT IS SO ORDERED.**

DATED:  September 13, 2010

                                   M. James Lorenz
                                   United States District Court Judge

COPY TO:

HON. LOUISA S. PORTER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL